UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIE GERDA JEAN,

    Plaintiff,

v.                    Case No: 2:16-cv-674-FtM-38CM

LP PORT CHARLOTTE, LLC,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant LP Port Charlotte, LLC's Motion to Dismiss (Doc. 33, Doc. 34) dated January 10, 2017.[2] Plaintiff Marie Gerda Jean filed a Response in Opposition (Doc. 35) on January 24, 2017. As set forth below, the Court grants Defendant's motion.

## BACKGROUND

This action stems from an underlying workplace discrimination claim that the parties previously arbitrated. (Doc. 29 at 1; Doc. 29-1). Pursuant to the arbitration agreement dated October 3, 2015, Defendant agreed to rehire Plaintiff without retaliation. (Doc. 29-1).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court's Local Rules require a moving party to file – in a single document – "a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request." M.D. Fla. R. 3.01(a). In the interest of a just and speedy resolution of Defendant's motion to dismiss, the Court will not strike Defendant's filing as non-compliant with the Local Rules. Defendant, however, should not expect such leniency in the future and must comply with the Local Rules.

As best the Court can discern, Plaintiff's work environment did not improve after her reinstatement. And, approximately eight months later, she sued Defendant in Florida state court for breach of contract, employment discrimination, and retaliation. (Doc. 2). Defendant thereafter removed the case to this Court. (Doc. 1). Since then, Plaintiff filed an Amended Complaint, alleging the following claims:

- Count I – Breach of Contract – Enforcement of the Arbitration Award;
- Count II – Action under the Federal Arbitration Act;
- Count III – Employment Discrimination under the Florida Civil Rights Act;
- Count IV – Retaliation under the Florida Civil Rights Act;
- Count V – Employment Discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and
- Count VI – Retaliation under Title VII.

Defendant now moves to dismiss the Amended Complaint for failure to state a claim; or alternatively, it moves for a more definitive statement. (Doc. 33 at 1-2; Doc. 34 at 2-8). Plaintiff responds that she has sufficiently pleaded facts to survive a motion to dismiss. (Doc. 35 at 2-3).

## LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. See *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. See *Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" shotgun pleadings. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) (stating, "shotgun pleadings wreak havoc on the judicial system"). "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (citation omitted). A pleading drafted in this manner "is in no sense the 'short and plain statement of the claim' "that Rule 8 requires[.]" *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). When faced with a shotgun complaint, the Eleventh Circuit encourages courts to *sua sponte* demand repleading instead of "dismissing a complaint with prejudice." *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 603 (11th Cir. 2008) (citations omitted).

**DISCUSSION**

The Amended Complaint "is the proverbial shotgun pleading." *Wagner*, 464 F.3d at 1279. (Doc. 29). Plaintiff incorporates and restates the preceding paragraphs for each subsequent count against Defendant. In addition, Plaintiff has not pled any facts to make her claims plausible. See *Twombly*, 550 U.S. at 570. The "Statement of Facts" section in the Amended Complaint is devoid of any factual allegations to show "more than a sheer

possibility that [D]efendant has acted unlawfully." (Doc. 29 at ¶¶ 1-3). At best, Plaintiff restates the outcome of the arbitration agreement and declares victory. Because the Amended Complaint lacks factual allegations, it is unclear whether these claims stem from the previous arbitration or arise from conduct after the arbitration agreement.

Because Plaintiff has failed to state a claim for relief, the Court grants Defendant's Motion to Dismiss and dismisses the Amended Complaint without prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant LP Port Charlotte, LLC's Motion to Dismiss (Doc. 33) is **GRANTED**. The Amended Complaint is **dismissed without prejudice** in its entirety.

2. Plaintiff Marie Gerda Jean may file a second amended complaint on or before **March 6, 2017**. **Failure to do so will result in this case being dismissed with prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of February, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record