UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIE GERDA JEAN,

       Plaintiff,

v.                                             Case No: 2:16-cv-674-FtM-38CM

LP PORT CHARLOTTE, LLC,

       Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant LP Port Charlotte, LLC's Motion to Dismiss filed on April 4, 2017. (Doc. 40). Plaintiff Marie Gerda Jean filed a Response in Opposition on April 18, 2017. (Doc. 41). This matter is ripe for review.

## **Background**

This action stems from both an arbitration award and allegations of discrimination and retaliation. (Docs. 37 at 1; 37-1). Jean sued LP Port Charlotte in Florida state court for breach of contract, discrimination, and retaliation. (Doc. 2). Thereafter, LP Port Charlotte removed the case. (Doc. 1). Jean then filed an amended complaint (Doc. 29) followed by LP Port Charlotte's first motion to dismiss. (Doc. 33). The Court granted LP Port Charlotte's motion to dismiss and dismissed the amended complaint without

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

prejudice. (Doc. 36). Jean then filed a Second Amended Complaint (Doc. 37) pursuing these claims:

- Count I – Breach of Contract – Enforcement of Arbitration Award;
- Count II – Action per Federal Arbitration Act;
- Count III – Employment Discrimination Under the Florida Civil Rights Act;
- Count IV – Retaliation Under the Florida Civil Rights Act
- Count V – Employment Discrimination Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and
- Count VI – Retaliation Under Title VII.

LP Port Charlotte now moves to dismiss the Second Amended Complaint for failure to state a claim. (Doc. 40 at 1). Jean argues her pleading is sufficient to survive a motion to dismiss. (Doc 41 at 2). The Court disagrees. For the reasons stated below, the Second Amended Complaint is dismissed in its entirety.

## Standard of Review

A Rule 12(b)(6) motion tests the sufficiency of a complaint under the federal pleading rules. A claim fails this inspection if it asserts a legal theory that is not cognizable as a matter of law, or because its factual account is implausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & 570 (2007). When deciding a Rule 12(b)(6) motion, the court presumes all well-pled factual allegations to be true, resolves all reasonable doubts and inferences in the plaintiff's favor, and views the complaint in the light most favorable to the non-moving party. *See id.* at 555. A plaintiff must do more than offer labels, conclusions, and "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. The court will not accept as true bald assertions, conclusions, or legal

2

conclusions "couched" as facts. *Id.* at 678-79; *Twombly*, 550 U.S. at 555. For claims to survive a Rule 12(b)(6) motion, therefore, the plaintiff's allegations "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible where the facts alleged permit the court to reasonably infer that defendant's alleged misconduct was unlawful. *Id.*

Besides the standard established under *Iqbal-Twombly*, plaintiffs must avoid shotgun pleadings. Since its inception, the Eleventh Circuit has waged an unceasing fight against shotgun pleadings. *See Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The most common shotgun pleading is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before it and the last count to be a combination of the entire complaint." *Id.* When faced with a shotgun pleading, the Eleventh Circuit has encouraged district courts to demand repleader. *Bailey v. Janssen Pharmaceutica, Inc.*, 288 Fed. Appx. 597, 603 (11th Cir. 2008).

## Discussion

Here—for the second time—Jean incorporates and restates each preceding allegation and count into each subsequent count. (Doc. 37 at ¶ 24, 33, 39, 44, 47). Because this is the quintessential shotgun pleading, the Second Amended Complaint is dismissed in its entirety.

The Court has several other concerns regarding Jean's claims. Regarding Jean's breach of contract and Federal Arbitration Act ("FAA") claims, it is unclear whether Jean is seeking to confirm or enforce the arbitration award under the FAA or through an

alternative method.  See 9 U.S.C. § 9; see also Hall St. Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 578 (2008) (explaining that the Federal Arbitration Act provides for expedited judicial review to confirm an arbitration award).  Further, whether these claims are subject to mandatory arbitration under the parties' arbitration agreement remains.  The Court need not reach these issues because Jean's Second Amended Complaint is a shotgun pleading and must be dismissed in its entirety.

Accordingly, it is now

**ORDERED:**

1. Defendant LP Port Charlotte, LLC's Motion to Dismiss (Doc. 40) is **GRANTED**.  Plaintiff Marie Gerda Jean's Second Amended Complaint (Doc. 37) is **DISMISSED without prejudice** in its entirety.

2. Plaintiff Marie Gerda Jean may file a third amended complaint on or before **September 8, 2017.  Failure to do so will result in this case being dismissed with prejudice.**

**DONE and ORDERED** in Fort Myers, Florida this 30th day of August, 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record