UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIE GERDA JEAN,

        Plaintiff,

v.                                                   Case No:  2:16-cv-674-FtM-38CM

LP PORT CHARLOTTE, LLC,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant LP Port Charlotte, LLC's Partial Motion to Dismiss or to Compel Arbitration (Doc. 46) filed on October 13, 2017.  Plaintiff Marie Gerda Jean has not filed a response, and the time to do so has expired.  This matter is ripe for review.

## **BACKGROUND**

This action arises from Plaintiff's desire to enforce an arbitration award and allegations of discrimination and retaliation stemming from her employment with Defendant.  (Doc. 43).  Plaintiff first sued Defendant in Florida state court for breach of contract, discrimination, and retaliation.  (Doc. 2).  Defendant subsequently removed the case on the basis of federal question.  (Doc. 1).  Since removal, the Court has twice

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

dismissed Plaintiff's prior complaints without prejudice. (Docs. 36; 42). Now, in Plaintiff's Third Amended Complaint (the "Complaint"), Plaintiff seeks to confirm and enforce the arbitration award pursuant to the Federal Arbitration Act (the "FAA") and alleges employment discrimination and retaliation under both the Florida Civil Rights Act and Title VII of the federal Civil Rights Act. (Doc. 43 at 3-8).

As best the Court can discern, these are the pertinent facts. The parties previously arbitrated an employment discrimination claim related to a prior termination. (Doc. 43 at ¶ 3). The arbitrator ruled in favor of the Plaintiff and ordered Defendant to rehire her under certain conditions. (Doc. 43 at ¶ 4). Plaintiff returned to work, but now claims that Defendant discriminated and retaliated against her again. (Doc. 43). She alleges issues related to pay discrepancy, unwarranted verbal and written complaints, increased workload despite a work related injury, and other difficulties. (Doc. 43).

Defendant moves for partial dismissal for failure to state a claim upon which relief can be granted, or alternatively, to compel arbitration of Plaintiff's claims. (Doc. 46 at 1). After careful review, the Court finds that Plaintiff's discrimination and retaliation claims under Title VII are insufficient and must be dismissed with prejudice. In light of these dismissals, the Court need not address Defendant's other arguments because federal jurisdiction no longer exists, and the Court declines to exercise jurisdiction over Plaintiff's remaining claims and remands them to state court.

## LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal,* 556 U.S. 662,

678 (2009). Yet this standard of review does not necessarily permit all factual pleadings to survive to the next stage of litigation. Rather, a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when, based on the facts pled, the court can draw a reasonable inference that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Where a plaintiff has not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## DISCUSSION

To start, the Court will address Plaintiff's Title VII employment discrimination claim. Title VII makes it unlawful for an employer "to discriminate against any individual . . . because of such individual's race, color, sex, or national origin . . . ." 42 U.S.C. § 2000e-2. After a careful review, the Court finds Plaintiff's claim insufficient. Plaintiff's claim, which contains only two conclusory paragraphs, alleges that Plaintiff's race, religion, or national origin were the "determining factor in Defendant's" alleged adverse employment action, and that Defendant knowingly and willingly engaged in discriminatory conduct. (Doc. 43 at ¶¶ 35-36). The allegations are conclusory and fail to establish a plausible claim as required under the *Iqbal-Twombly* standard. In fact, the claim contains no supporting facts, much less facts that describe Defendant's particular actions that

constitute discriminatory conduct. Therefore, Plaintiff's Title VII claim for employment discrimination is dismissed. And because this is Plaintiff's third attempt at pleading the claim and she has not responded to Defendant's Motion or requested a chance to amend, the Court dismisses the claim with prejudice.

Turning to Plaintiff's Title VII retaliation claim, the Court also finds this claim deficient. "Retaliation under Title VII occurs when an employee engages in protected activity, and suffers an adverse action that is causally related to that activity." *Uppal v. Hospital Corp. of America*, 482 F. App'x. 394, 397 (11th Cir. 2012). To establish a *prima facie* case of retaliation, "a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Wideman v. Wal-Mart Stores*, 141 F.3d 1453, 1454 (11th Cir. 1998).

Here, Plaintiff's Title VII retaliation claim incorporates Plaintiff's state law claim for retaliation, and the insufficient federal discrimination claim. (Doc. 43 at ¶ 37). The claim is vague, conclusory, and wholly deficient. And the incorporation of preceding claims, which are also poorly pled, creates confusion and highlights the insufficiency of the retaliation claim. In particular, Plaintiff alleges that Alicia Lenfest, Defendant's director of rehabilitation, retaliated against Plaintiff by giving her a negative work evaluation, assigning her a regular work schedule despite an agreement requiring a "modified work" schedule, and testifying to attempting to get Plaintiff fired. (Doc. 43 at ¶¶ 31-34). But Plaintiff's allegations simply do not rise to the level required under the *Iqbal-Twombly* standard.

And the factual allegations that are contained within the claim only create confusion. The Court cannot easily distinguish when some events took place, how they fit within the allegations Plaintiff is making, or why the alleged retaliatory actions were made against Plaintiff. Plaintiff makes no effort to allege specifically why or how there was retaliation, instead expecting the Court and Defendant to discern such details from an almost indecipherable Complaint. At bottom, Plaintiff's Title VII retaliation claim does not pass muster. Like Plaintiff's Title VII discrimination claim and for the same reasons, the Court dismisses the Title VII retaliation claim with prejudice.

That said, the Court declines to exercise jurisdiction over Plaintiff's remaining claims. *See* 28 U.S.C. § 1367(c)(3). The remaining claims are based on state law or arise under the FAA, and neither the state law claims nor the FAA claim provide an independent jurisdictional basis. In fact, the FAA is "'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008) (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n. 32 (1983)). Without an independent basis to establish jurisdiction, the Court declines to exercise jurisdiction over the remaining claims. As such, the Court remands the remaining claims to state court.

Accordingly, it is now

**ORDERED:**

1) Defendant's Partial Motion to Dismiss or to Compel Arbitration (Doc. 46) is **GRANTED in part**. Counts IV-V are **DIMISSED with prejudice**, and Counts I-III are **REMANDED** to state court.

2) The Clerk of Court is directed to **REMAND** this case to the Circuit Court of the Twentieth Judicial Circuit, in and for Charlotte County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3) The Clerk is further directed to **TERMINATE** all pending motions, deadlines, and **CLOSE** this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of December, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record